FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

Tyson Marshek,

Plaintiff,

-vs-

Case No: 1:20-CV-180-LMB-MSN

Auto Giants, Credit Acceptance Corporation,

Global Lending Services, Skopos Financial,

Consumer Portfolio Services, Exeter Finance,

Regional Acceptance, Flagship Credit Acceptance LLC.

Defendants.

## VERIFIED COMPLAINT

Comes Now, Tyson Eugene Marshek, and proceeding pro se and brings the aforementioned Complaint against the above named defendants and in support of the same states as follows:

### I. Preliminary Statement

1. This is an action arising under the Fair Credit Reporting Act arising out of Defendants violation of the Fair Credit Reporting Act 15 U.S.C. 1681 et seq, and impermissible access of Plaintiff's credit profile and submission of applications for credit in his name without authorization.

### II. Parties

2. Plaintiff, Tyson Marshek, is currently and was at all relevant times a citizen of the Commonwealth of Virginia, residing at 124 W. Church Rd, Sterling, Virginia 20164.

3. Plaintiff is a "Consumer" as that term is defined by the FCRA, 15 U.S.C § 1681a(c).

4. Defendant, Auto Giants, is a Automobile Dealership doing business in the Commonwealth of Virginia with its principal place of business at 4600 Branch Ave, Temple Hills, Maryland 20748.

5. Defendant, Credit Acceptance Corporation is a lender doing business in the Commonwealth of Virginia with its principal place of business at 25505 West Twelve Mile Rd, Southfield, Michigan 48034

6. Defendant, Global Lending Services, is a lender doing business in the Commonwealth of Virginia with its principal place of business at PO Box 10437, Greenville, South Carolina 29603.

7. Defendant, Skopos Financial, is a lender doing business in the Commonwealth of Virginia with its principal place of business at 500 E. John Carpenter Fwy, Irving, Texas 75062.

8. Defendant, Consumer Portfolio Services, is a lender doing business in the Commonwealth of Virginia with its principal place of business at 19500 Jamboree Dr, Suite 500, Irvine, California 92612.

9. Defendant, Exeter Finance, is a lender doing business in the Commonwealth of Virginia with its principal place of business at PO Box 16608, Irvine, Texas 75016.

10. Defendant, Regional Acceptance, is a lender doing business in the Commonwealth of Virginia with its principal place of business at 300 Redland Ct, Owings Mills, Maryland 21117.

11. Defendant, Flagship Credit Acceptance LLC, is a lender doing business in the Commonwealth of Virginia with its principal place of business at 4600 Regent Blvd, Irving, Texas 75063.

### III. Jurisdiction

12. This court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C § 1681(p); (2) pursuant to 28 U.S.C § 1331 and (3) because the transactions and occurrences giving rise to this action occurred in Loudoun County, Virginia as a result of the Defendants' doing business in Loudoun County, Virginia. This court has jurisdiction pursuant to 28 U.S.C 1367 over Plaintiffs pendant State law Claims.

### IV.   Factual Background

13. Or or around February 7, 2020 Plaintiff contacted Auto Giants to ask about a promotion which had been extended to him in reference to the potential purchase of a motor vehicle. Plaintiff had apprehension about said promotion due to the fact that he had just been denied by multiple entities for financing. Finance staff located at Auto Giants in Manassas, Virginia advised Plaintiff that they would take a look at his file and call him back "in five minutes". Plaintiff never at anytime sought to submit any applications for financing or gave verbal or written authorization for Defendants to access his credit profile. Had Plaintiff been asked he would have respectfully declined due to the futility of submitting back to back applications after recently receiving a denial.

14. Despite Plaintiffs desire not to have his file accessed or submit any additional applications for credit, his file was accessed 11 times by Auto Giants and its lender affiliates.

15. Defendant Credit Acceptance Corporation accessed Plaintiff's Experian Credit Report on February 7, 2020 without permission or permissible purpose.

16. Defendant Global Lending Services accessed Plaintiff's Experian and Equifax Credit Report on February 7, 2020 without permission or permissible purpose.

17. Defendant Skopos Financial accessed Plaintiff's Experian Credit Report on February 7, 2020 without permission or permissible purpose.

18. Defendant Consumer Portfolio Services accessed Plaintiff's Experian, Equifax and TransUnion Credit Report on February 7, 2020 without permission or permissible purpose.

19. Defendant Exteter Finance accessed Plaintiff's Transunion Credit Report on February 7, 2020 without permission or permissible purpose.

20. Defendant Regional Acceptance accessed Plaintiff's Transunion Credit Report on February 7, 2020 without permission or permissible purpose.

21. Defendant Flagship Credit Acceptance LLC accessed Plaintiff's Transunion Credit Report on February 7, 2020 without permission or permissible purpose.

22. The Defendants actions have damaged the Plaintiff in that Plaintiff has been denied credit, has a damaged credit score, been chilled from seeking additional credit. In addition, Defendants' actions have cause Plaintiff embarrassment, humiliation and emotional distress.

23. Furthermore, defendant has not maintained accuracy of Plaintiff's credit report by making it appear as though plaintiff has given permission for these unauthorized inquiries thus furnishing additional inaccurate information in violation of 15 U.S.C § 1681s-2(b)

## V.     Claims

### Negligence

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. At all times defendants had a duty to provide accurate and correct information on Plaintiffs credit report.

26. At all times defendants knew or should have knew in exercise of reasonable care that the information relating to their request for information was inaccurate and false.

27. Defendants negligently and carelessly accessed Plaintiff's credit report without permission.

28. Defendants acted with oppression, fraud or malice and defendants are therefore liable to the Plaintiff for damages in an amount to be proven at trial and for punitive damages.

### Defamation

29. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1-28 as if set forth fully herein.

30. Defendants, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including any entity who reviews Plaintiff's credit report, that Plaintiff has actively been seeking credit. Defendants statements were false and were made with conscious disregard for the rights of the Plaintiff.

31. Defendants publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent and Willful Violation of the Fair Credit Reporting Act

32. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1-31 as if set forth fully herein.

33. The acts and omissions of the Defendant and its representatives, employees and or agents constitute numerous and multiple violations of the Fair Credit Reporting Act.

34. Pursuant to the FCRA the Plaintiff is entitled to actual damages, statutory damages, and reasonable costs and fees..

WHEREFORE, Plaintiff, Tyson Marshek, respectfully demands the following:
1. Trial by Jury on all issues so triable;
2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;
3. For all fees and costs; and,
4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully Submitted,


*[signature: Tyson Marshek]*

Tyson Marshek

124 W Church Rd

Sterling, Virginia 20164

571-306-9875

marshektyson@gmail.com

## **VERIFICATION**

I, Tyson Marshek, declare under penalty of perjury as delineated in 28 U.S.C. § 1746 that the statements contained herein are true and accurate to the best of my knowledge and belief. Subscribed and Sworn this 17th Day of February 2020 in the Commonwealth of Virginia, County of Loudoun, City of Sterling.

*[signature: Tyson Marshek]*

Tyson Marshek